IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KERMIT WEST, : | |
| : | |
| Petitioner, : | |
| : | |
| v. : | Civil Action No. 11-676-LPS |
| : | |
| PERRY PHELPS, Warden, and : | |
| ATTORNEY GENERAL OF THE : | |
| STATE OF DELAWARE, : | |
| : | |
| Respondents. : | |

**MEMORANDUM**

I. **BACKGROUND**

Petitioner Kermit West filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 ("Application") challenging the Delaware Board of Parole's denial of his eighteenth request for parole. (D.I. 1) The State initially filed a Response asserting that the Application should be dismissed because it is second and successive and/or because it fails to assert an issue cognizable on federal habeas review. (D.I. 12) Thereafter, on February 4, 2013, the State filed a "Notice of Suggestion of Death," stating that Petitioner had passed away on January 24, 2013. (D.I. 15) The State now requests the Court to dismiss the Application as moot. *Id.*

II. **DISCUSSION**

Federal courts can only consider ongoing cases or controversies. *See, e.g., Lewis v. Continental Bank, Corp.*, 494 U.S. 472, 477-78 (1990); *United States v. Kissinger*, 309 F.3d 179, 180 (3d Cir. 2002). In other words, to "invoke the jurisdiction of a federal court, a litigant must

have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable decision." *Lewis*, 494 U.S. at 477. The "case-or-controversy requirement subsists through all stages of federal judicial proceedings." *Id.* at 477-78.

A petitioner files a writ of habeas corpus to challenge the legal authority under which he is held in custody, seeking as relief release from unlawful custody. *See Heck v. Humphrey*, 512 U.S. 477 (1994). When a petitioner who is still incarcerated challenges his underlying conviction, his imprisonment satisfies Article III's "case or controversy" requirement. *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998). However, once the petitioner's sentence has expired and he is released from criminal confinement, "some collateral consequence of the conviction . . . must exist if the suit is to be maintained." *Id.* A habeas claim becomes moot if there are no continuing collateral consequences; in turn, mootness divests a federal district court of jurisdiction to consider the claim. *See North Carolina v. Rice*, 404 U.S. 244, 246 (1971); *Chong v. Dist. Dir., I.N.S.*, 264 F.3d 378, 383-84 (3d Cir. 2001).

Death eliminates any collateral consequences personal to a habeas petitioner. *See Lockhart v. McCree*, 476 U.S. 162, 168 n.2 (1986); *McMann v. Richardson*, 397 U.S. 759, 760 n.1 (1970). Thus, in this case, Petitioner's habeas Application is rendered moot by virtue of his death and the absence of any collateral consequences. Accordingly, the Court will dismiss the Application.

## IV.  CONCLUSION

For the reason set forth above, the Court will deny as moot Petitioner's Application for federal habeas relief. The Court will also decline to issue a certificate of appealability because Petitioner has failed to make a "substantial showing of the denial of a constitutional right." 28

U.S.C. § 2253(c)(2); 3d Cir. L.A.R. 22.2 (2011); *United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997). A separate order will be entered.

Dated: April 12, 2013

_____
UNITED STATES DISTRICT JUDGE